IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PAUL JOSEPH BENNETT, #606014,    § | | |
| Petitioner,    § | | |
| § | | |
| v.    § | | 3:13-CV-1116-G-BK |
| § | | |
| RICK THALER, Director,    § | | |
| Texas Department of Criminal Justice,    § | | |
| Correctional Institutions Div.,    § | | |
| Respondent.    § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner, a Texas state prisoner, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. For the reasons that follow, it is recommended that this successive habeas petition be transferred to the United States Court of Appeals for the Fifth Circuit.

**I.  BACKGROUND**

In 1992, Petitioner was convicted of aggravated sexual assault and indecency with a child and sentenced to life imprisonment. *State v. Bennett*, No. 28452 (18th Judicial District Court, Johnson County, Jan. 24, 1992), *aff'd*, *Bennett v. State*, No. 10-92-00023-CR (Tex. App.--Waco, Oct. 30, 1992, pet. ref.). Subsequently, Petitioner unsuccessfully challenged his conviction in state and federal habeas proceedings. *Ex parte Bennett*, No. WR-28,637-01 (Tex. Crim. App. Jan. 17, 1996) (denying state application); *Ex parte Bennett*, No. WR-28,637-02 (Tex. Crim. App. Jan. 14, 2004) (dismissing state application as successive); *Bennett v. Johnson*, No. 4:98-CV-0506-Y (N.D. Tex. Jul. 31, 1998) (dismissing federal petition as time barred).

By this action, Petitioner again seeks to contest his conviction for aggravated sexual assault and indecency with a child. (Doc. 3 at 2). He asserts counsel rendered ineffective

assistance when he failed to communicate to Petitioner an 18-year plea bargain offer from the State. *Id.* Petitioner relies on *Missouri v. Frye*, ___ U.S. ___, 132 S. Ct. 1399 (2012), to argue that his ineffective assistance of counsel claim is timely under 28 U.S.C. § 2244(d)(1)(C). *Id.* at 9. In addition, he "requests that this Court stay further proceedings and hold this case in abeyance until the state courts" decide his pending state habeas application. (Doc. 4 at 7).

## II. ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a petitioner may file a second or successive application for federal habeas relief. *See* 28 U.S.C. § 2244(b). In general, to raise a new claim, the petitioner must show that the successive application is based on: (1) a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court; or (2) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense. *See* 28 U.S.C. § 2244(b)(2). Before a petitioner may file his application in the district court, however, a three-judge panel of the United States Court of Appeals for the Fifth Circuit must determine whether the application makes the requisite prima facie showing. *See* 28 U.S.C. § 2244(b)(3)(A) and (B). Section 2244(b)(3)(A) constitutes a bar to the district court's jurisdiction to consider a successive habeas petition unless the United States Court of Appeals has first granted the petitioner permission to file such a petition. *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (*per curiam*) (section 2255 motion); *see also Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003) (section 2254 habeas petition).

The United States Court of Appeals for the Fifth Circuit has not issued an order authorizing this Court to consider the successive petition in this case. Because Petitioner must obtain such an order before he can file a successive application challenging his conviction, this section 2254 petition should be transferred to the United States Court of Appeals for the Fifth Circuit Court. *See Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002); *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).[1]

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the successive habeas petition be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit. *See* 28 U.S.C. § 2244(b)(3).

SIGNED March 20, 2013.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[1] Although the first section 2254 petition was dismissed as time barred, such a dismissal constituted an adjudication on the merits for purposes of the gate-keeping rules on second or successive petitions. *See In re Flowers*, 595 F.3d 204, 205 (5th Cir. 2009) (per curiam). Because the claim that Petitioner seeks to raise could have been raised in his first petition, the present petition is successive. *See Hall v. Thaler*, No. 3:07-CV-0362-G, 2012 WL 3854964 (N.D. Tex. Sept. 5, 2012) (transferring successive habeas petition that relied on *Missouri v. Frye* to the Fifth Circuit Court of Appeals under section 2244(b)(2)). Even assuming the instant petition was not successive, Petitioner would not be entitled to relief on his ineffective assistance claim based on the retroactivity of *Missouri v. Frye*. *See In Re: Richard M. King, Jr.*, 697 F.3d 1189 (5th Cir. 2012) (holding that petitioner failed to make prima facie showing under section 2244(b)(2) because *Missouri v. Frye* did not announce a new rule of constitutional law, but merely applied the Sixth Amendment right to counsel to a specific factual context).

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE