UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PAUL JOSEPH BENNETT, #606014, ) | |
| ) | |
| Petitioner, ) | |
| ) | CIVIL ACTION NO. |
| VS. ) | |
| ) | 3:13-CV-1116-G (BK) |
| RICK THALER, Director, Texas ) | |
| Department of Criminal Justice, ) | |
| Correctional Institutions Division, ) | |
| ) | |
| Respondent. ) | |

### ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE, AND DENYING A CERTIFICATE OF APPEALABILITY

The United States Magistrate Judge made findings, conclusions and a recommendation in this case. Petitioner filed objections, and the district court has made a *de novo* review of those portions of the proposed findings, conclusions and recommendation to which objection was made. Contrary to his assertion, petitioner did file a prior federal petition, which the Fort Worth Division dismissed as time barred. See *Bennett v. Johnson*, No. 4:98-CV-0506-Y (N.D. Tex. 1998). Accordingly, petitioner's objections are overruled, and the court **ACCEPTS** the findings,

conclusions and recommendation of the United States Magistrate Judge. The clerk of the court is **DIRECTED** to mail to petitioner a copy of the docket sheet and the July 29, 1998, order (docket entry 5) in *Bennett v. Johnson*, No. 4:98-CV-0506-Y (N.D. Tex. 1998).

In addition, considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing Sections 2254 and 2255 Proceedings in the United States District Court, and 28 U.S.C. § 2253(c), the court **DENIES** a certificate of appealability. The court adopts and incorporates by reference the magistrate judge's findings, conclusions and recommendation filed in this case in support of its finding that the petitioner has failed to show (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).[*]

---

[*] Rule 11 of the Rules Governing §§ 2254 and 2255 Proceedings, as amended effective on December 1, 2009, reads as follows:

> **(a) Certificate of Appeal ability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to

(continued...)

**SO ORDERED**.

April 16, 2013.

                                                       /s/ A. Joe Fish
                                                      **A. JOE FISH**
                                                      **Senior United States District Judge**

---

[*](...continued)
submit arguments on whether a certificate should issue.  If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2).  If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.  A motion to reconsider a denial does not extend the time to appeal.

**(b) Time to Appeal.**  Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules.  A timely notice of appeal must be filed even if the district court issues a certificate of appeal ability.